UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80178-CR-SMITH

UNITED STATES OF AMERICA

vs.

CARRINGTON N. THOMAS,
a/k/a "Big,"
    Defendant.
    _____/

# GOVERNMENT'S RESPONSE TO
# THE STANDING DISCOVERY ORDER

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    One CD containing the defendant's jails calls during which the defendant admits to selling law enforcement five capsules of heroin for $100.

           2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

           3.    No defendant testified before the Grand Jury.

           4.    The NCIC record of the defendant is attached.

           5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 S. Australian Ave., Suite 400, West Palm Beach, Florida 33401. Please call the undersigned to set up a date and time that is convenient to both parties.

                The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at

trial.

6. The laboratory reports detailing the analysis of the substances seized in connection with this case are attached.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

The defendant has several prior convictions for selling controlled substances. Should this case go forward with a trial, the Government plans to use the facts underlying each of the defendant's prior convictions for as 404(b) evidence for purposes of establishing motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

In addition, the government may introduce under Rule 404(b) evidence

2

      underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

    If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendants.

N.     The government has received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. Should the case go to trial, the Government expects to call the chemist who conducted the chemical analysis of the controlled substances and possibly the forensic biologist who conducted the DNA analysis to testify at trial.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.     At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense as to the approximate time, date, and place of the offense as stated in the Indictment.

The attachments to this response are numbered pages 1 - 121. Please contact the undersigned Assistant United States Attorney if any pages are missing.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *s/ Jennifer C. Nucci*
Jennifer C. Nucci (FL Bar No. 171700)
Assistant U.S. Attorney
jennifer.nucci@usdoj.gov
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
TEL: (561) 820-8711
FAX: (561) 805-9846

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Jennifer C. Nucci*

Jennifer C. Nucci (FL Bar No. 171700)
Assistant U.S. Attorney

## SERVICE LIST

**UNITED STATES OF AMERICA vs. CARRINGTON N. THOMAS, a/k/a "Big,"**
Case No. 19-80178-CR-SMITH
United States District Court, Southern District of Florida

**Jennifer C. Nucci**
Assistant U.S. Attorney
jennifer.nucci@usdoj.gov
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
TEL: (561) 820-8711
FAX: (561) 805-9846
Attorney for the Government
Method of Service: CM/ECF

**Caroline McCrae, Esq.**
Federal Public Defender's Office
450 Australian Avenue, Suite 500
West Palm Beach, FL 33401
TEL: (561) 833-6288
FAX: (561) 833-0368
Attorney for the Defendant
Method of Service: CM/ECF & Federal Express for the attachments.